UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORTEZ ATKINS,

       Plaintiff,

                                   CASE NO. 1:08-CV-972

v.

                                   HON. ROBERT J. JONKER

MARK CHRISTIANSEN, *et al.*,

       Defendants.

_____/

**ORDER APPROVING AND ADOPTING**
**REPORT AND RECOMMENDATION AS MODIFIED**

       The Court has reviewed Magistrate Judge Brenneman's Report and Recommendation in this matter (docket # 81), Plaintiff Atkins's Objections to the Report and Recommendation (docket # 82), and Defendants' Objections to the Report and Recommendation (docket # 84). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; Plaintiff's objections; and Defendants' objections.

In his Report and Recommendation, Magistrate Judge Brenneman recommends that Defendants' motion (docket # 74) be granted to the extent it seeks summary judgment in favor of Defendant Inspectors Smith and Contreras on Plaintiff's § 1983 claim under the First and Fourteenth Amendment and in favor of Defendant Inspector Christiansen and Defendant STG Coordinator Mulvaney on Plaintiff's claim under RLUIPA. The Magistrate Judge recommends that Defendants' motion for summary judgment (docket # 74) be denied to the extent it seeks dismissal as moot or denial on the merits of Plaintiff's claim for an injunction under § 1983 to remove Plaintiff's STG I classification.

Plaintiff Atkins objects to the Magistrate Judge's determination that because Mr. Atkins has not put forth sufficient evidence to establish a genuine issue of material fact, Defendants Christiansen and Contreras are entitled to summary judgment on his First and Fourteenth Amendment claims. (Pl. Obj., docket # 82, 1-2.) Mr. Atkins notes that the Magistrate Judge concluded that Defendants Christiansen and Contreras did not adduce sufficient support for their claim of qualified immunity and waived the defense of qualified immunity for the purpose of their summary judgment motion. (*Id.* at 2.) Mr. Atkins asserts that he should not be required to oppose an issue that does not exist. (*Id.*) Mr. Atkins overlooks that the Magistrate Judge recommends granting summary judgment based not upon qualified immunity, but because the record does not support Mr. Atkins's claim. When a motion for summary judgment is "made and supported by competent admissible evidence, the nonmovant may not rest on his pleadings, but must come

forward with affidavits or other admissible evidence setting forth specific facts showing there is a genuine issue for trial." *March v. Levine*, 249 F.3d 462, 471 (6th Cir. 2001) (internal quotation marks and quotation omitted). In his Report and Recommendation, the Magistrate Judge accurately describes the evidentiary record and analyzes Mr. Atkins's claims under the applicable law. Mr. Atkins's objection does not change the analysis. The Magistrate Judge properly recommends summary judgment for Defendants Christiansen and Contreras on the First and Fourteenth Amendment claims.

Defendants raise two principal objections to the Report and Recommendation. First, Defendants object to the Magistrate Judge's determination that it is not appropriate to dismiss as moot Mr. Atkins's claim for injunctive relief in the form of removal of his STG I designation. (Defs.' Obj., docket # 84, at 1.) The Magistrate Judge based this determination on this Court's earlier finding that Defendants had not yet satisfied their burden to demonstrate under the doctrine of voluntary cessation that the allegedly wrongful behavior could not reasonably be expected to recur, and on the fact that Defendants did not submit additional evidence to support their request. (Report and Recommendation, docket # 81, at 17.) It is undisputed that the MDOC removed Mr. Atkins's STG designation on December 18, 2008, approximately two months after Mr. Atkins filed this lawsuit. (*Id.* at 16.) Both parties have had additional time to develop the evidentiary record, and no evidence suggesting that Defendants might improperly impose an STG designation on Mr. Atkins in the future has emerged. The Court agrees with Defendants that at this point in the case, there is no reasonable expectation that the alleged wrong will be repeated, and dismissal of the

request for injunctive relief as moot is appropriate. *See Mosley v. Hairston*, 920 F.2d 409, 415 (6th Cir. 1990).[1]

Finally, Defendants object to the Magistrate Judge's conclusion that they are not entitled to summary judgment as to the RLUIPA claims asserted against them in their individual capacities. (Defs.' Obj., docket # 81, 5 - 9.) In reaching this conclusion, the Magistrate Judge relied on this Courts previous rejection of the claim that RLUIPA does not provide monetary damages for claims against prison employees in their individual capacities. (Report and Recommendation, docket # 81, at 13; Order Approving Report and Recommendation, docket # 48, at 5-10.) Since the time of the Court's order rejecting the claim, the Sixth Circuit has held that "monetary damages are not available under RLUIPA." *Colvin v. Caruso*, 605 f.3d 282, 289 (6th Cir. 2010). Because the plaintiff in *Colvin* sued the defendants in both their official and individual capacities, *see id.* at 288, the holding would apply to this case and would bar any monetary relief against Defendants, including relief against Defendants acting in their individual capacities. Accordingly, dismissal of Plaintiff's RLUIPA claims for monetary damages against all defendants in their individual capacities is appropriate.[2]

---

[1]Defendants go on to argue that if the Court does not dismiss Mr. Atkins's request for injunctive relief as moot, the Court should dismiss the request on the merits. (Defs.' Obj., docket # 84, 3-5.) In light of the Court's decision on mootness, the Court does not reach this argument.

[2]The Court agrees with the Magistrate Judge that dismissal of the RLUIPA claims against Defendants Christiansen and Mulvaney as outside the statute of limitations is appropriate as well. (*See* Report and Recommendation, docket # 81, at 11-13.)

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 81), as modified by this Order, is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (docket # 74) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Atkins's claims for injunctive relief to remove the STG I designation are **DISMISSED AS MOOT**.

**IT IS FURTHER ORDERED** that for the same reasons that the Court grants Defendant Spitters's Motion to Dismiss, the Court discerns no good-faith basis for an appeal within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

**THIS MATTER IS DISMISSED**.


DATED:_ September 28, 2011           /s/Robert J. Jonker
                                     ROBERT J. JONKER
                                     UNITED STATES DISTRICT JUDGE